UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ANTHONY GREENE, ) | 1:06-cv-00231 OWW TAG |
| Plaintiff, ) ) | ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (Doc. 2) |
| v. ) ) | |
| FREDRICK HAYWARD, ) ALBERTSON INCORPORATED, Store ) #6323, a division of ALBERTSON, INC., ) | ORDER DIRECTING THE CLERK TO FORWARD SERVICE DOCUMENTS TO PLAINTIFF |
| Defendants. ) ) | ORDER DIRECTING PLAINTIFF TO SUBMIT SERVICE DOCUMENTS TO THE COURT |
| | ORDER DIRECTING THE CLERK TO FORWARD ANY SERVICE DOCUMENTS SUBMITTED BY PLAINTIFF TO THE UNITED STATES MARSHALS SERVICE FOR SERVICE OF PROCESS |
| | ORDER DIRECTING THE UNITED STATES MARSHALS SERVICE TO SERVE THE COMPLAINT UPON RECEIPT OF SUFFICIENT AND APPROPRIATE SERVICE DOCUMENTS |

 Plaintiff Charles Anthony Greene ("plaintiff") is proceeding pro se with a civil action against defendants Fredrick Hayward and Albertsons Inc. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303.

 Plaintiff's complaint alleges that on November 19, 2004, while soliciting for charity in front of an Albertsons Supermarket in Bakersfield, California, he was subjected to an unlawful citizen's arrest by defendant Fredrick Hayward, an Albertsons store manager. Plaintiff asserts that this citizen's arrest violated 42 U.S.C. § 1983 because defendant Hayward caused the Bakersfield Police Department to take plaintiff into custody. Plaintiff also asserts that defendants' conduct was discriminatory and caused him emotional distress. In addition, plaintiff

1

1  claims that defendants violated his First Amendment right to free speech and his Fourteenth
2  Amendment rights to equal protection and equal rights under the law. (Doc. 1). Plaintiff has
3  moved to proceed in forma pauperis. (Doc. 2.)
4        The Court finds that plaintiff's "Application to Proceed without Prepayment of Fees and
5  Affidavit," wherein he reports that he is homeless and has neither income nor assets, satisfies the
6  indigency requirements of 28 U.S.C. § 1915(a)(1) and that plaintiff is unable to pay the costs of
7  commencing this action. See Calhoun v. Health & Human Services, 844 F. Supp. 1338, 1339
8  (E.D. Wisc. 1994)($316 per month of assistance benefits and food stamps satisfies 28 U.S.C.
9  § 915(a)).
10        Having concluded that plaintiff is entitled to proceed in forma pauperis under section
11  1915(a)(1), this Court must still "screen" plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B),
12  which requires the dismissal of a case at any time if the court determines that it (1) "is frivolous
13  or malicious," or (2) "fails to state a claim on which relief may be granted," or (3) "seeks
14  monetary relief against a defendant who is immune from such relief." 28 U.S.C.
15  § 1915(e)(2)(B)(i),(ii) and (iii).
16        A claim is frivolous if it lacks an arguable basis either in law or fact. Neitzke v. Williams,
17  490 U.S. 319, 324 (1989). A frivolous claim is based on an inarguable legal conclusion or a
18  fanciful factual allegation. Id. A federal court may dismiss a claim as frivolous if it is based on
19  an indisputably meritless legal theory or if the factual contentions are clearly baseless. Id. The
20  test for malice is a subjective one that requires the Court to determine whether the applicant is
21  proceeding in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see
22  Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is most
23  commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free
24  filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an
25  intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior
26  cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or
27  contains disrespectful references to the Court, id.; or if it contains untrue material allegations of
28  fact or false statements made with knowledge and an intent to deceive the Court, Horsey v.

2

Asher, 741 F.2d 209, 212 (8th Cir. 1984).

Here, the gravamen of plaintiff's complaint is that defendants caused him to be falsely arrested on November 19, 2004, that this violated his civil rights, and that he suffered certain damages as a consequence, including emotional distress.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998). In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).[1]

Here, the Court notes that private persons (such as defendants herein) may be held liable under 42 U.S.C. § 1983 when they jointly engage with state officials to violate civil rights. Dennis v. Sparks, 449 U.S. 24, 27 (1980)("Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions"); Anderson

---

[1] If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. Lopez v. Smith, 203 F.3d at 1128.

3

v. Janovich, 543 F. Supp. 1124, 1132 (W.D. Wa. 1982)("Private persons who jointly engage with state officials in conduct that violates section 1983 act 'under color' of law for purposes of section 1983").  This rule of law has been applied in the context of a false arrest claim.  E.g., Coakley v. Jaffee, 49 F. Supp. 2d 615 (S.D.N.Y. 1999).   Inasmuch as this is essentially what plaintiff has alleged - that an Albertsons' store manager wrongfully caused plaintiff to be taken into custody by Bakersfield police in violation of his civil rights - the Court finds that plaintiff has stated cognizable claims against defendants Fredrick Hayward (an Albertsons store manager) and against Albertsons itself.

IT IS THEREFORE ORDERED that

I.      Motion to Proceed in Forma Pauperis

Plaintiff's request to proceed in forma pauperis IS GRANTED.

II.     Service of the Complaint

A. Directions to the Clerk and to Plaintiff

Service is appropriate only for the following defendants named in the complaint: (1) Fredrick Hawyard and (2) Albertsons Inc.  Accordingly,

1) The Clerk of the Court shall send Plaintiff a USM-285 form and a summons for each of the following named defendants only: (1) Fredrick Hayward and (2) Albertsons Inc., along with an instruction sheet, a notice of submission of documents, and a copy of the complaint filed in this Court.

2) Within thirty days from the date of service of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the court with the following documents:

    a. Completed summonses;

    b. One completed USM-285 form for each of the following named defendants only: Fredrick Hayward and Albertsons Inc.; and

    c. Three copies of the endorsed complaint filed in this Court.

Plaintiff need not attempt service on defendants and need not request waiver of service.

///

1  Upon receipt of the documents described above, the Clerk of the Court SHALL
2  FORWARD them to the United States Marshals Service to serve (1) Fredrick Hayward and
3  (2) Albertsons Inc. pursuant to Fed. R. Civ. P. 4 without payment of costs.
4  B. <u>Directions to the United States Marshals Service</u>
5  It is ORDERED that when sufficient and appropriate service documents are submitted to
6  the Court and forwarded to the United States Marshals Service, the United States Marshal
7  SHALL SERVE the complaint.
8  **Plaintiff's failure to comply with this order will result in a recommendation to**
9  **dismiss this action and/or the defendants named therein for failure to obey this Court's**
10 **order.  Local Rule 11-110.**
11
12 IT IS SO ORDERED.
13 Dated:   **March 3, 2006**                              /s/ Theresa A. Goldner
   **j6eb3d**                                           UNITED STATES MAGISTRATE JUDGE