UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ANTHONY GREENE, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>FREDRICK HAYWARD, an individual; and ALBERTSON INCORPORATED Store No. 6323, A DIVISION OF ALBERTSON, INC., *et al.*,<br><br>  Defendants. | 1:06-CV-0231 OWW TAG<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Fed.R.Civ.P. 12(b)(6)) |

**I.  INTRODUCTION**

Defendants Fredrick Hayward and Albertson Incorporated Store Number 6323 (the Store) (collectively, Defendants) move to dismiss the complaint under Rule 12(b)(6) for failure to state a claim.  Plaintiff Charles Anthony Greene (Plaintiff) opposes the motion.

**II.  PROCEDURAL HISTORY**

The complaint was filed on February 28, 2006.  Doc. 1, Compl.  The motion to dismiss was filed on April 6, 2006.  Doc. 10, Mot. to Dismiss.  A response was filed on April 17, 2006.

Doc. 11, Reply.  Defendants replied on May 8, 2006.  Doc. 13, Resp.

### III.  BACKGROUND

Plaintiff alleges the following.  Doc. 1, Compl., 6-8. Plaintiff volunteered to solicit donations for Helping Hands Outreach, a Bakersfield, California, charitable organization. Id., 6; id., Ex. C (Letter, United States Internal Revenue Service to Helping Hands Outreach, confirming 501(c)(3) tax status).  Plaintiff was assigned to the Store, 3500 Panama Lane, Bakersfield, California.  Id., 6.  During Plaintiff's second hour of soliciting in front of the Store, on November 19, 2004, Plaintiff was informed by a Salvation Army volunteer that the Salvation Army had already arranged with Store management for the exclusive right to solicit donations in front of the Store.  Id. Defendant Albertson's operates a private for-profit grocery store business on private real property at 3500 Panama Lane, Bakersfield, California.

The Store manager, Defendant Hayward, soon asked Plaintiff to leave.  Plaintiff refused, claiming he was exercising his First Amendment freedom of speech.  Id., 6-7.  Plaintiff does not indicate whether he informed Defendant Hayward that he was soliciting charitable donations on behalf of a 501(c)(3) organization, and not simply panhandling, as Defendant Hayward thought.  Id.  For an hour and a half, Plaintiff and the Salvation Army volunteer co-existed peacefully, the volunteer soliciting beside the entrance door, and Plaintiff soliciting at the exit.  Id., 7.  Matters came to a head, however, with the arrival of a Salvation Army Major; shortly thereafter, officers

of the Bakersfield Police Department arrived and threatened Plaintiff with jail for trespass if he did not leave the premises.  Id.  Plaintiff told the officer he was soliciting donations for Helping Hands Outreach, and again refused to leave. Id.  The officer spoke briefly with Defendant Hayward inside the Store.  When they emerged, Defendant Hayward, acting under the supervision and with the instructions of the police officer, placed Plaintiff under citizen's arrest.  Id., 7-8.  Plaintiff was taken to the Kern County Detention Center, charged with trespass, and detained for sixteen hours.  Id., 8.  The trespass charge was eventually dismissed.  Id.

Plaintiff sues under state law for alleged false arrest, violation of constitutional right of free speech under the federal and state constitutions, and for violation of his state civil rights.  Plaintiff sues under Title 42, Sections 1981(a) and 1983, of the United States Code, Title VII of the Civil Rights Act, the First and Fourteenth Amendments to the United States Constitution, and the Unruh Civil Rights Act, Cal. Civ. Code §§ 51-52.  Doc. 1, Compl., 1, 9.

### IV.  LEGAL STANDARD

Rule 12(b)(6) allows a defendant to attack a complaint for failure to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) is disfavored and rarely granted: "[a] complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Van Buskirk v. CNN, Inc.,* 284 F.3d 977, 980 (9th Cir. 2002) (citations omitted). In deciding whether to grant a motion to dismiss, the court

"accept[s] all factual allegations of the complaint as true and draw[s] all reasonable inferences in favor of the nonmoving party." *TwoRivers v. Lewis,* 174 F.3d 987, 991 (9th Cir. 1999). "The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001) (citations omitted). For example, matters of public record may be considered under Fed.R.Evid. 201, including pleadings, orders, and other papers filed with the court or records of administrative bodies. *See Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). Conclusions of law, conclusory allegations, unreasonable inferences, or unwarranted deductions of fact need not be accepted. *See Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981).

**V.   ANALYSIS**

1.   Res judicata

Plaintiff brought claims arising out of his November 19, 2004, arrest and detention in Kern County Superior Court (Small Claims) on May 18, 2005. Doc. 1, Compl., 4. In Small Claims Court, Plaintiff alleged that Defendant Hayward placed Plaintiff under citizen's arrest without legal justification; that this resulted in Plaintiff's false arrest; and that Defendant Hayward discriminated against Plaintiff. Doc. 10, Mot. to Dismiss, Ex. A (Small Claims Court claim form). Plaintiff sought five thousand dollars in damages, the maximum jurisdictional amount in Small Claims Court. Id.; *see* Cal.Civ.Proc. Code § 116.220(a)(1);

**4**

*Pitzen v. Superior Court*, 120 Cal.App.4th 1374, 1378 (2004).

Plaintiff's claims were decided against him in a written opinion attached as Exhibit D to the complaint:

> Plaintiff was not denied his right of free speech. Plaintiff was denied access to private property for the purpose of solicitation because he had not previously sought and obtained permission from the property owner to do so. The actions of [D]efendants in conducting a citizen arrest were not motivated by [P]laintiff's exercise of the right of free speech, but by [P]laintiff's refusal to leave private property when asked to do so. The right of free expression does not mean any kind of expression anywhere in any manner. (*See, e.g.*, *Trader Joe's Co. v. Progressive Campaigns* (1999) 73 Cal.App.4th 725). Defendants' conduct was justified, peaceful, and lawful. Judgment for Defendants.

Doc. 1, Compl., Ex. D (Ruling in Case No. S-1500-CS-167835, LSE). Plaintiff had no right to appeal the Small Claims Court decision, and it is final. Cal.Civ.Proc. Code § 116.710(a).

Defendants argue that Plaintiff's federal case is barred by res judicata and collateral estoppel. Doc. 10, Mot. to Dismiss, 9.

Federal courts are required to give full faith and credit to state court judgments under Title 28, Section 1738, of the United States Code. 28 U.S.C. § 1738. Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have

**5**

been raised in that action.  To determine the preclusive effect of a state-court judgment, federal courts look to state law. *Manufactured Home Communities, Inc. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005).

Res judicata precludes the re-litigation of claims which have been finally resolved in a prior proceeding involving the same parties.  Its purpose is to preserve the integrity of the judicial system, promote judicial economy, and protect litigants from harassment by vexatious litigation.  *Pitzen*, 120 Cal.App.4th at 1381.  The doctrine has two aspects.  It applies to both a previously litigated cause of action, referred to as "claim preclusion," and to an issue necessarily decided in a prior action, referred to as "issue preclusion."  The requirements for applying res judicata to either an entire cause of action of one or more issues are the same: (1) a claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding.  Id. (citations and internal quotation marks omitted).

California's res judicata doctrine is based on the primary right theory.  *Mycogen Corp. v. Monsanto Co.*, 28 Cal.4th 888, 904 (2002).  The primary right theory provides that a cause of action is comprised of a primary right of plaintiff, a corresponding primary duty of defendant, and a wrongful act by defendant constituting a breach of that duty.  The most salient characteristic of a primary right is that it is indivisible: the

**6**

violation of a single primary right gives rise to only a single cause of action. The primary right is simply plaintiff's right to be free from the particular injury suffered. It must therefore be distinguished from the legal theory on which liability for that injury is premised. Even when there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief. The primary right must also be distinguished from the remedy sought. The violation of one primary right constitutes a single cause of action, though it may entitle the injured party to many forms of relief, and the relief is not to be confounded with the cause of action, one not being determinative of the other. *Mycogen Corp.*, 28 Cal.4th at 904.

The primary right theory is invoked when a plaintiff attempts to divide a primary right and enforce it in two suits. The theory prevents this result by either of two means: (1) if the first suit is still pending when the second is filed, defendant in the second suit may plead that fact in abatement; or (2) if the first suit has terminated in a judgment on the merits adverse to plaintiff, defendant in the second suit may set up that judgment as a bar under the principles of res judicata. Id.

California law applies both claim preclusion and issue preclusion to a judgment rendered in small claims court against a plaintiff.[1] *Pitzen*, 120 Cal.App.4th at 1381-82, 1386. In both

---

[1] Only claim preclusion, not issue preclusion, applies to a judgment rendered in small claims court against a defendant. *Pitzen*, 120 Cal.App.4th at 1386.

**7**

the Small Claims Court and federal court, all Plaintiff's claims arise out of Plaintiff's November 19, 2004, arrest and detention related to his endeavors to collect charitable donations at a privately owned grocery store open to the public operated on private real property at 3500 Panama Lane.  The proceeding in Small Claims Court resulted in a final judgment against Plaintiff.  The requirements of res judicata are satisfied. *Pitzen*, 120 Cal.App.4th at 1381.

In federal court, Plaintiff raises seven claims: (1) his First Amendment right to free speech was violated by Defendants, because they did not allow him to solicit charitable contributions on private property on which they operated a for-profit retail establishment; (2) his Fourteenth Amendment right to equal protection of the laws was violated; (3) he was denied his right to "equal rights under law," under Title 42, Section 1981, of the United States Code[2]; (4) he was subjected to false

---

[2] Title 42, Section 1981, of the United States Code prohibits racial discrimination in the making and enforcement of contracts.  *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 977 (9th Cir. 2004).  Plaintiff cannot state a Section 1981 claim unless he has, or would have, rights under an existing, or proposed, contract that he wishes to make and enforce.  *Domino's Pizza, Inc. v. McDonald*, — U.S. —, 126 S.Ct. 1246, 1249 (2006). Plaintiff, who is African-American, does not allege a contract the making or enforcement of which was interfered with by Defendants.  Even if, *arguendo*, his Section 1981 claim were not

**8**

arrest by Defendants, in violation of Title 42, Section 1983, of the United States Code[3]; (5) Plaintiff was "placed in a hostile environment," Kern County Detention Center, "due to Defendants' actions"; (6) the Small Claims Court judge was biased in favor of Defendants, and rendered a legally defective opinion; (7) Defendants discriminated against Plaintiff by allowing the Salvation Army to solicit charitable contributions on Defendants' private property while preventing Plaintiff from doing the same.

   A final judgment on the merits in a prior action is conclusive between the same parties in a subsequent action involving the same subject matter.  Res judicata bars not only the re-opening of the original controversy, but also subsequent litigation of all issues which were *or could have been* raised in the original suit.  *Alpha Mechanical, Heating & Air Conditioning, Inc. v. Travelers Cas. & Sur. Co. of America*, 133 Cal.App.4th 1319, 1328 (2005) (emphasis added).  All Plaintiff's claims, except his claim of judicial bias and legal error, could have been brought in Small Claims Court.  All his claims arise out of

---

barred by res judicata, it would be subject to dismissal under Rule 12(b)(6) for failure to state a claim as there is no contract to which Plaintiff was a party.

   [3] Plaintiff's allegation that Defendant Hayward acted under instructions of Bakersfield police officers in subjecting Plaintiff to citizen's arrest colorably satisfies the state-action requirement for Section 1983.  *Meyers v. Redwood City*, 400 F.3d 765, 768-69 (9th Cir. 2005).

1  his alleged right to solicit charitable donations on private
2  commercial property open to the public.  In bringing the federal
3  claim, Plaintiff is attempting to split his cause of action and
4  litigate "different" legal claims arising out of the same
5  previously adjudicated primary right in federal court.  *Mycogen*
6  *Corp.*, 28 Cal.4th at 904.  There is no claim Plaintiff has not
7  litigated or could not have litigated in his state case.
8  Plaintiff's suit is barred by res judicata.
9  2.   *Rooker-Feldman*
10      Defendants argue lack of subject-matter jurisdiction because
11 Plaintiff's claim of judicial bias and legal error is in
12 substance an appeal seeking to overturn the state-court judgment.
13 Doc. 10, Mot. to Dismiss, 6-8.
14      Under *Rooker-Feldman*, a federal district court does not have
15 subject-matter jurisdiction to hear a direct appeal from the
16 final judgment of a state court.  If a federal plaintiff asserts
17 as a legal wrong an allegedly erroneous decision by a state
18 court, and seeks relief from a state-court judgment based on that
19 decision, *Rooker-Feldman* bars subject-matter jurisdiction in
20 federal district court.  *Manufactured Home Communities*, 420 F.3d
21 at 1029.  On the other hand, where the federal plaintiff does not
22 complain of a legal injury caused by a state-court judgment, but
23 rather of a legal injury caused by an adverse party, *Rooker-*
24 *Feldman* does not bar jurisdiction.  *Noel v. Hall*, 341 F.3d 1148,
25 1163 (9th Cir. 2003).
26      Here, Plaintiff seeks to re-litigate claims that have
27 already been tried and decided in the state court.  All
28 Plaintiff's claims, except his claims of judicial bias and legal

**10**

error, arise out of the events of November 19, 2004. Although different legal theories are advanced, all are based on his assertion that he had a First Amendment right to be present on private property to solicit funds without the owner's permission. Plaintiff does not assert as a legal wrong an allegedly erroneous decision by the Small Claims Court, nor does he seek relief from the Small Claims Court's judgment. Instead, he asserts as legal wrongs allegedly illegal acts committed by Defendants, against whom he has previously litigated over these acts, and seeks to litigate related claims against Defendants. Plaintiff's claim is not barred by *Rooker-Feldman*, but by Title 28, Section 1738, of the United States Code and res judicata. *See Noel*, 341 F.3d at 1166.

Plaintiff's claim that the Small Claims Court judge was biased in favor of Defendants, and that her opinion is legally defective, is barred by *Rooker-Feldman*. In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), federal-court plaintiffs had lost a case in state court. The legal wrong alleged by federal plaintiffs was that the state court had made errors in deciding their federal constitutional claims, rather than that the defendants had acted illegally. The federal plaintiffs brought a bill in equity seeking to have the state court judgment declared null and void because of the constitutional errors that the state court had allegedly made.

The Supreme Court in *Rooker* noted that it affirmatively appeared from the allegations in the bill that the state court had jurisdiction over the subject matter and the parties in the case, and that its judgment was therefore not void. Because the

**11**

judgment was not void, the state court's alleged constitutional errors could be corrected only "in an appropriate and timely appellate proceeding." *Rooker,* 263 U.S. at 415. To reverse or modify the judgment of the state court because of such errors "would be an exercise of appellate jurisdiction" possessed only by the Supreme Court. *Rooker*, 263 U.S. at 416. Since the jurisdiction of the district court is "strictly original," the Supreme Court affirmed the district court's jurisdictional dismissal of the bill with respect to those claims. *Id.* Reduced to its essence, *Rooker* held that when a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden *de facto* appeal. *See Noel*, 341 F.3d at 1155-56.

Plaintiff's claim that the judge's bias against him and in favor of Defendants eventuated in a legally erroneous judgment is a *de facto* appeal like that rejected by the Supreme Court in the opinion which originated the *Rooker-Feldman* doctrine. Plaintiff's claim is barred.[4]

---

[4] This result is consistent with California's policy against review of small-claims-court judgments rendered against plaintiffs. *See Pitzen*, 120 Cal.App.4th at 1380 ("[t]he policy precluding review of small-claims judgments against plaintiffs is so strong that a small-claims plaintiff cannot obtain appellate review even where he can demonstrate the small-claims court

**12**

1  3.    "Screening"

2         Plaintiff argues that his claim was:

3         initially "screened" by the [c]ourt for errors at the

4         time of the filing, concerning "jurisdiction" and any

5         pleading defects, which not [sic] conform to "rule of

6         law" in which the court found [] [P]laintiff's claim to

7         be "cognizable."

8  Doc. 11, Mem. in Opp., 3.  Plaintiff argues that this constituted

9  an approval of his claim by the court, which became the law of

10 the case.

11      This is incorrect.  The "screening" to which Plaintiff

12 refers was not the court's certification that Plaintiff's cause

13 of action had merit or would survive a Rule 12(b) motion.  It

14 only prevented a *sua sponte* dismissal of the case for not being

15 facially frivolous.  The motion to dismiss is Defendants' first

16 opportunity to attack the legal sufficiency of Plaintiff's

17 claims.

## VI.   CONCLUSION

19      For the foregoing reasons, Defendants' motion to dismiss is

20 GRANTED WITHOUT LEAVE TO AMEND.  Defendants shall lodge a

21 judgment of dismissal with prejudice of Plaintiff's lawsuit

22 within five (5) days following service of this decision.

23 **SO ORDERED**

24 **DATED: May _17__, 2006.**

---

27 clearly erred as a matter of law"); Cal.Civ.Proc. Code

28 § 116.710(a).

**13**

                         /s/ OLIVER W. WANGER_____
                                 OLIVER W. WANGER
                          United States District Judge